IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD TAYLOR,

     Plaintiff,

  v.

STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS; BENJAMIN LEE, M.D.; PARAMBIR SAHOTA, M.D.; and DOES 1 through 20, inclusive,

     Defendants.
_____/

Case No. 2:09-cv-00024-JAM-KJM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

    This matter is before the Court on Defendant Benjamin Lee, M.D.'s motion to dismiss Plaintiff's second cause of action (failure to summon medical care) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 13.)  Plaintiff

Harold Taylor opposes the motion. (Doc. # 14.)  For the reasons set forth below[1], Defendant's motion is GRANTED with prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2007, at approximately 5:30 a.m., Plaintiff, a former inmate at Folsom State Prison, sustained injury to his penis when he rolled over onto his erect penis while sleeping in his bunk at the prison.  Plaintiff's First Amended Complaint ("FAC") ¶ 10.  At approximately 7:30 a.m., Plaintiff was seen by Defendant Lee ("Dr. Lee"), a physician employed by Folsom State Prison, at which time Plaintiff's penis was black and blue from bruising and had swelled four to five inches in diameter.  FAC ¶ 11.  Plaintiff alleges he urged Dr. Lee to transfer him to an outside facility for emergency care, that his penis was broken, and that he needed to see an urologist.  Id.  Dr. Lee informed Plaintiff that nothing could be done and instructed Plaintiff to put ice on his penis.  Id.

On November 9, 2007, Plaintiff was still experiencing pain, bruising, swelling, and he noticed blood in his urine.  FAC ¶ 12.  Plaintiff alleges he again urged Dr. Lee to transfer him to an outside facility for emergency treatment.  Id.  Dr. Lee allegedly informed Plaintiff that there was no such thing as a

---

[1]     Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

penis fracture and prescribed Plaintiff Tylenol to help alleviate the pain.  Id.

On November 14, 2007, Plaintiff again went to the prison medical clinic and requested emergency treatment.  FAC ¶ 14.  By this time, Plaintiff alleges the bruising to his penis had extended its entire length to his scrotum and lower abdomen.  Id.  Dr. Lee again did not transfer Plaintiff to an outside facility.  Id.

On November 19, 2007, Plaintiff was sent to UC Davis Medical Center on a Code 1 emergency basis for treatment.  FAC ¶ 18.  According to the physicians at UC Davis Medical Center, the Plaintiff required immediate surgical repair within forty-eight hours of his injury.  They explained that too many days had passed since the injury and as a result, the soft tissues and fibers in the penis had fused together, making surgical repair impossible.  FAC ¶ 19.

Plaintiff's First Amended Complaint alleges five causes of action: (1) violation of the Eighth Amendment; (2) failure to summon medical care; (3) medical negligence; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.  In the instant motion, Dr. Lee argues that the second cause of action for failure to summon medical care should be dismissed because the claim does not state a

cause of action upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. OPINION

A. Legal Standard

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d

868, 2009 U.S. LEXIS 3472, at *29 (May, 18 2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 2009 U.S. LEXIS 3472, at *29 (May, 18, 2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. When there are well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

C. California Government Code § 845.6

Plaintiff's second cause of action alleges that Defendants breached a duty to summon and provide reasonable medical care. The action is based on California Government Code Section 845.6 which states that ". . . a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

In order to state a claim under § 845.6, a prisoner must establish three elements: (1) the public employee knew of or had

5

reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care.  <u>Id.</u>  "Liability under Section 845.6 is limited to serious and obvious medical conditions requiring immediate care."  <u>Watson v. California</u>, 21 Cal. App. 4th 836, 841 (Cal. App. 2d Dist. 1993).  The term "immediate medical care" includes both diagnosis and treatment.  <u>Jett v. Penner</u>, 439 F.3d 1091 (9th Cir. 2006).

 Here, Plaintiff was provided immediate medical care by Dr. Lee on three separate occasions.  Dr. Lee diagnosed Plaintiff's condition when he allegedly determined that "nothing could be done" and that there "was no such thing as a penis fracture."  Dr. Lee's subsequent treatment was the recommendation for Plaintiff to ice his penis and take Tylenol.  Plaintiff's allegations against Dr. Lee focus on his alleged treatment or failure to treat Plaintiff's penile injury.  However, the failure to provide adequate care is not the same as the failure to summon medical care.  <u>Watson</u>, 21 Cal. App. 4th at 845.  "[T]he two are *not* equivalent.  Once a practitioner has been summoned to examine and treat a prisoner, he or she is under a duty to exercise that degree of diligence, care, and skill such as is ordinarily possessed by other members of the profession.  Failure to do so is malpractice.  Failure of a practitioner to prescribe or provide necessary medication or treatment to one he or she has been summoned to assist is a breach of such duty and

as such is also malpractice and clearly, as a matter of plain meaning of the statutory language, cannot be characterized as a failure to summon medical care." Id.

The appropriate cause of action for challenges to a physician's treatment of a medical condition is not a cause of action under § 845.6, but rather, a claim for medical malpractice/negligence. As such, Plaintiff's second cause of action for failure to summon medical care fails to state a claim against Dr. Lee upon which relief can be granted.[2] Accordingly, Plaintiff's second cause of action is dismissed with prejudice.

### III. ORDER

For the above reasons, Defendant Benjamin Lee, M.D.'s motion to dismiss Plaintiff's second cause of action is GRANTED with prejudice.

IT IS SO ORDERED.

Dated: December 18, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also argues Defendant's motion to dismiss should be denied for failure to meet and confer as required by Central District of California Local Rule 7-3. The Eastern District of California has no comparable rule and thus, Plaintiff's argument has no merit.