IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD TAYLOR, | Case No. 2:09-cv-00024-JAM-KJM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS; BENJAMIN LEE, M.D.; PARAMBIR SAHOTA, M.D.; and DOES 1 through 20, inclusive, | |
| Defendants. | |

This matter is before the Court on Defendant Paramvir[1] Sahota, M.D.'s ("Defendant") motion to dismiss Plaintiff Harold Taylor's ("Plaintiff") second cause of action for failure to

---

[1] Plaintiff's first amended complaint names "Parambir Sahota," not Paramvir Sahota. Neither Defendants nor Plaintiff have explicitly clarified Dr. Sahota's name for this Court. Plaintiff's opposition names Dr. Sahota as "Paramvir," the same as Defendant's motion. Accordingly, for the purposes of this order, the Court will use "Paramvir" as Dr. Sahota's first name.

1

summon medical care pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 19). Plaintiff opposes the motion.[2] (Doc. # 20). For the reasons stated below, Defendant's motion to dismiss is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the First Amended Complaint ("FAC"), on November 8, 2007, at approximately 5:30 a.m., Plaintiff, a former inmate at Folsom State Prison, sustained injury to his penis when he rolled over onto his erect penis while sleeping in his bunk at the prison. FAC ¶ 10. At approximately 7:30 a.m., Plaintiff was seen by Dr. Lee, a physician at Folsom State Prison and named defendant in this case. Id. at ¶ 11. Plaintiff's penis was bruised and had swelled four to five inches in diameter. Id. Plaintiff believed he needed to go to an outside emergency facility, but Dr. Lee determined that nothing could be done and instructed Plaintiff to put ice on his penis. Id.

Plaintiff continued to be seen at the Folsom State Prison's medical clinic, returning on November 9 and 14. FAC ¶¶ 12, 14. On November 17, Plaintiff was examined by Nurse Wyman. Id. at ¶ 16. Plaintiff believed he needed to be immediately transferred

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

to an emergency facility to be treated by an urologist for his injuries, and Nurse Wyman agreed. Id. The Nurse contacted Defendant, Dr. Sahota, by telephone to approve transferring Plaintiff to an outside emergency facility.  Defendant denied the transfer without examining or treating Plaintiff. Id. at ¶ 16.

On November 19, 2007, Plaintiff was sent to UC Davis Medical Center on a Code 1 basis for emergency treatment. FAC ¶ 18. According to the physicians at UC Davis Medical Center, the Plaintiff needed immediate surgical repair within forty-eight hours of his injury. Id. at ¶ 19. They explained that too many days had passed since the injury, and as a result, the soft tissues and fibers in the penis had likely fused together making surgical repair impossible. Id.

Plaintiff's FAC alleges five causes of action: (1) violation of the Eighth Amendment; (2) failure to summon medical care; (3) medical negligence; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress. In the instant motion, Defendant Dr. Sahota argues that the second cause of action for failure to summon medical care should be dismissed because Plaintiff's allegations against him are not cognizable as a violation of California Government Code section 845.6.

II.  OPINION

A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence

Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2002). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

B.  California Government Code § 845.6

Plaintiff's second cause of action alleges that Defendant breached a duty to summon and provide reasonable medical care in violation of California Government Code section 845.6.

Section 845.6 provides that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6. Accordingly, "[i]n order to state a claim under [section] 845.6, a prisoner must establish three elements: (1) the public employee knew of or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006) (citing Cal. Gov't Code § 845.6). "Liability under Section 845.6 is limited to serious and obvious medical conditions requiring immediate care." Watson v. California, 21 Cal. App. 4th 836, 841 (Cal. App. 2d Dist. 1993). The term

5

"immediate medical care" includes both diagnosis and treatment. Jett, 439 F.3d at 1099.

Defendant relies on Watson v. California, 21 Cal.App.4th 836 (Cal. App. 2d Dist. 1993), for the argument that the failure to summon medical care is not equivalent to a claim for failure to provide medical care. Dr. Sahota contends that the proper cause of action for his decision to deny Plaintiff's transfer is a claim for medical malpractice/negligence rather than a claim under section 845.6 because Plaintiff was examined by Folsom State Prison medical staff, namely Nurse Wyman, when Dr. Sahota denied the transfer. In Watson, a prisoner injured his ankle playing basketball. A nurse gave him a bandage and medication. After transfer to state prison, a physician opined that unless he was screaming in pain he would not examine his tendon. A later physician noted the tendon was tender. The prisoner testified in his deposition that he was given medical care each time he had requested it but that he believed that he had not been provided reasonable medical care. The Watson court found that since the state did not have any actual or constructive notice that the prisoner's achilles tendon was ruptured and required surgery, there was not any duty to summon medical care as it had taken over a year for an orthopedic specialist to diagnose the injury a year later.

Here, in contrast to the Watson case, Plaintiff was examined by Nurse Wyman who properly concluded that Plaintiff had suffered a fractured penis and was in need of immediate medical care. Nurse Wyman contacted Defendant and "requested immediate transfer for emergency treatment." FAC ¶ 16. Without examining Plaintiff, Defendant Dr. Sahota denied the transfer. In accepting the allegations in the FAC as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Nurse Wyman's recommendation to Dr. Sahota gave him actual or constructive knowledge of Plaintiff's need for immediate medical care; Dr. Sahota failed to summon such care; and therefore Defendant could be liable under section 845.6. Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006) (citing Cal. Gov't Code § 845.6). Accordingly, the Court finds Plaintiff has plead enough facts to state a plausible claim for relief against Defendant under section 845.6.

## III. ORDER

For the reasons set forth above, Defendant Dr. Sahota's motion to dismiss the second cause of action for failure to summon medical care is DENIED.

IT IS SO ORDERED.

Dated: May 19, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE